```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- against -

MICHAEL ROSEBORO,

                Defendant.

08 Cr. 660(VM)
22 Cr. 627(VM)

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    Defendant Michael Roseboro ("Defendant"), moving *pro se*, seeks to modify the payment schedules for restitution ordered in two cases before this Court: United States v. Roseboro, 08 Cr. 660 ("Roseboro I") and United States v. Roseboro, 22 Cr. 627 ("Roseboro II"). Defendant, who is currently incarcerated at FCI Fort Nix in New Jersey, asks this Court to excuse Defendant from making any restitution payments until he is released from prison, presumably in 2028. (See Roseboro I, Dkt. Nos. 56, 57; Roseboro II, Dkt. Nos. 36, 37.) The Government opposes Defendant's modification request. (See Roseboro II, Dkt. No. 39.)

    In Roseboro I, the Court sentenced Defendant to 116 months' imprisonment and ordered $1,700,000 in forfeiture and $1,749,065.52 in restitution. (See Roseboro I, Dkt. Nos. 36, 50.) The restitution order contemplated that Defendant would make restitution payments while incarcerated. (See id., Dkt. No. 50 at 2.) On August 12, 2024, Defendant entered into an

"Inmate Financial Plan" ("IFP") through the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"). (Id., Dkt. No. 39-1 at 8-9.) Pursuant to the IFP, Defendant agreed to pay $55 per month towards several financial obligations, including the $1,749,065.52 in restitution ordered by this Court in Roseboro I. (Id.)

In Roseboro II, the Court sentenced Defendant to 67 months' imprisonment and ordered $2,600 in forfeiture and $17,171 in restitution. (See Roseboro II, Dkt. Nos. 33, 40, 41.) The restitution order in Roseboro II similarly contemplated that Defendant would make restitution payments while incarcerated, including that any restitution payments could be made through the IFRP payment system. (Id., Dkt. No. 41 at 2.)

The IFRP provides that a Bureau of Prisons "'unit team shall review an inmate's financial obligations' and develop a 'financial plan' based on a formula to help the inmate meet his financial obligations." United States v. Outlaw, No. 20 Cr 00626, 2023 WL 5835745, at *1 (S.D.N.Y. Sept. 8, 2023) (quoting 28 C.F.R. § 545.11(a)-(b)). In challenging the terms of a payment plan under the IFRP, a defendant must first exhaust his administrative remedies before filing a habeas petition pursuant to 28 U.S.C. § 2241 in his current judicial district. Id. Here, Defendant has not alleged that he

exhausted his administrative remedies. Rather, the Government contends that Defendant has not filed any administrative claims with the Bureau of Prisons, let alone exhausted his administrative remedies. (Roseboro II, Dkt. No. 39 at 2.) Failure to exhaust administrative remedies is fatal to Defendant's request. See Outlaw, 2023 WL 5835745, at *1. Moreover, Defendant's request was improperly brought in the Southern District of New York, as Defendant is currently incarcerated in New Jersey. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a))).

Accordingly, Defendant's request to excuse restitution payments while incarcerated is **DENIED**. The Clerk of Court is respectfully directed to close the motions in United States v. Roseboro, 08 Cr. 660, at Dkt. Nos. 56, 57, as well as the motions in United States v. Roseboro, 22 Cr. 627, at Dkt. Nos. 36, 37. The Clerk of Court is also respectfully directed to mail a copy of this Order to Michael Roseboro, Register Number 61279-054, FCI Fort Dix, PO Box 2000, Fort Dix, NJ 08640, and note service on the docket.

**SO ORDERED.**

Dated:   20 February 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.